**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BRYAN FRANCISCO RIVERA MACHADO,

        *Petitioner*,

v.                                            Case No. 3:26-cv-942-WWB-SJH

UNITED STATES ATTORNEY
GENERAL, et al.,

        *Respondents.*
_____

**<u>ORDER</u>**

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at North Florida Detention Center.  (*Id.*).  According to Petitioner, ICE detained him on December 20, 2025, to commence his removal proceedings.  (*Id.* at 4).  He contends that he has "exceeded the detention period" without ICE providing him with a 90 or 180-day review.  (*Id.* at 7).  He argues that his prolonged detention violates his due process rights under the First, Fourth, Fifth, Sixth, Eighth, and Tenth Amendments.  (*Id.* at 6–7).  As relief, Petitioner requests that the Court order his immediate release.  (*Id.* at 7).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns.  Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time.  *Id.* at 701.  The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation.  *Id.*  "Although not expressly stated, the

Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

Here, Petitioner alleges that he is not yet subject to a final removal order. (*See generally* Doc. 1). As such, *Zadvydas's* 180-day removal period does not currently apply because Petitioner does not have a final order of removal. *See, e.g.*, *Diaz-Calderon v. P. Barr*, No. 2:20-CV-11235, 2020 WL 5645191, at *9 (E.D. Mich. Sept. 22, 2020) (a final order of removal is necessary to allow detention under § 1231, and to apply *Zadvydas*). Thus, any due process claim based on ICE detaining him in excess of 180-days is premature. Also, to the extent that Petitioner challenges ICE's seizure of him under the Fourth Amendment, "habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody." *Palma v. Powell*, No. 7:26-CV-299, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026). "If lawful grounds for detention exist, [Petitioner] is not entitled to release even if there were flaws in his original arrest." *Id.* If Petitioner attacks the mechanics of his seizure rather than the Government's present statutory authority to hold him, his claim fails. *See also Gupta*

*v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).  Finally, to the extent that Petitioner references the First, Sixth, Eighth, and Tenth Amendments, he provides no factual allegations to support a claim under any of those Amendments.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  This case is **DISMISSED without prejudice**.

2.  The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on May 6, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C:     Bryan Francisco Rivera Machado, A215850464

3